Argued October 26, affirmed November 5, 1971

LORENZEN, *Appellant, v.* FEUCHT ET AL,
*Respondents.*

490 P2d 176

*Harold A. Fabre,* Pendleton, argued the cause for appellant. On the briefs were Fabre & Ehlers.

*Kenneth M. Abraham,* Hood River, argued the

cause for respondent Feucht. On the brief were Parker & Abraham.

*James H. Clarke,* Portland, argued the cause for respondent DeWater. With him on the brief were McColloch, Dezendorf, Spears & Lubersky and Richard S. Borst.

McALLISTER, J.

Plaintiff Lorenzen brought this action to recover damages for injuries sustained in an automobile collision. The jury found in favor of both defendants and plaintiff appeals. We affirm.

The sole question is whether the court erred in submitting to the jury the charge of contributory negligence that plaintiff's headlights did not meet the standard required by ORS 483.424.[1]

The defendant Feucht had been driving east on Highway 80 North a short distance east of Hood River, pulling behind his vehicle a homemade trailer covered with a tarpaulin without any reflector or lights showing to its rear. Feucht had stopped his vehicle on the right side of the highway so that the trailer extended out into the right-hand lane far enough to constitute a hazard to other vehicles. Plaintiff was traveling east in the right-hand lane with his headlights on low beam. His vehicle struck the rear of the Feucht trailer and in turn was struck from the rear by the vehicle of the defendant DeWater, who had been driving east behind plaintiff's vehicle.

---

[1] ORS 483.424 (2):

"There shall be a lowermost distribution of light or composite beam, so aimed and of such intensity as to reveal a person or vehicle on a street or highway at a distance of at least 100 feet ahead of the vehicle."

Both defendants charged plaintiff with contributory negligence in driving with inadequate headlights. Plaintiff contends that this specification of negligence was not supported by any competent evidence and should have been withdrawn from the jury.

ORS 483.424 requires that motor vehicle headlights on low beam be "so aimed and of such intensity as to reveal a person or vehicle on a street or highway at a distance of at least 100 feet."

This accident happened on a long stretch of a four-lane freeway with an upgrade for eastbound traffic and a very slight curve. There was nothing to prevent plaintiff from seeing the parked trailer except the darkness. As to the adequacy of his headlights, plaintiff testified:

"Q Did you have your lights on high or low beam?

"A I had them on low beam due to the oncoming traffic on the other lane, west-bound lanes.

"Q With your lights on low beam how far ahead will your headlights pick up an object on a straight level highway?

"A Depends on weather conditions and so forth. The visibility was poorer that night than on a night when it was not raining or something.

"Q Well, under these conditions existing, how far ahead will your lights pick up an object on a straight level highway?

"A Oh, I would say three, four car lengths. I can't say for sure. It seemed like I was awfully close when I picked up the trailer."

It is a matter of common knowledge of which the jury would be aware that the length of an average car is slightly less than 20 feet.

We think plaintiff's testimony that the headlights of his vehicle on a straight level highway would reveal an object only three or four car lengths ahead would warrant a finding by the jury that the headlights did not meet the standard fixed by statute. We conclude, therefore, that the court did not err in submitting the charge of inadequate lights to the jury.

Defendants also argue that plaintiff's testimony that he did not see the parked trailer until he was very close to it also justified submitting to the jury the charge of inadequate lights. Because we hold that plaintiff's testimony about the condition of his lights warranted submission of the issue to the jury, we need not consider this contention.

The judgment is affirmed.